FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

2015 MAY 19  PM 2: 01

**DWANER WHITE,**

      **Plaintiff,**

      CASE NO.: 8:15 cv 1205 T27 AEp

**v.**

**GE CAPITAL BANK,**

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, Dwaner White, by and through undersigned counsel, sues GE Capital Bank and states as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act.

## JURISDICTION AND VENUE

2.      Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.



TRA - 30265   $400

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

4.     Plaintiff Dwaner White ("White" or "Plaintiff") is a natural person who resides in Pinellas County, Florida.    Plaintiff is a "consumer," as that term is defined by Fla. Stat. § 559.55(2) and is also a person as that term is used in 47 U.S.C. § 227.

5.     Defendant, GE Capital Bank ("Defendant" or "GECB"), is a national bank, does business in the State of Florida, and is a "person" under Fla. Stat. § 559.72. and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), as well as a "person" under Fla. Stat. § 559.72 and  47 U.S.C. § 227.

6.     Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7.     The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others.   The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

8.     Plaintiff Dwaner White filed a petition for Chapter 7 bankruptcy protection on May 14, 2014 (the "Bankruptcy Petition").  Case No. 8:14-bk-05447-CPM, Doc. 1.

9.     Defendant GECB was listed on Schedule F of the Bankruptcy Petition and identified as "GAP Silver Card" and "Old Navy".  Further, GECB has received several notices from the Bankruptcy Court for the Middle District of Florida regarding Plaintiff's bankruptcy. Thus, Defendant had actual knowledge of Plaintiff's bankruptcy filing.

10.     Pursuant to 11 U.S.C. § 362(a)(1), also known as the "Automatic Stay," the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of the commencement or continuation . . . of process . . . or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case . . . or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case."

11.     Defendant was also sent by the Bankruptcy Court a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "Notice of Bankruptcy") on May 18, 2014.  Case No. 8:14-bk-05447-CPM, Doc. 5.

12.     The Notice of Bankruptcy also informed Defendant that Plaintiff was represented by an attorney, Marshall G. Reissman, Esq., with respect to the debt and provided Mr. Reissman's contact information.

13.     On August 19, 2014, the Bankruptcy Court entered a discharge order in Plaintiff's bankruptcy proceedings. Case No. 8:14-bk-05447-CPM, Doc. 8 (the "Discharge Order").   The Discharge Order indicates that "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by

mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor."

14.     Pursuant to 11 U.S.C. § 524(a)(2), the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

15.     Defendant was sent notice of Plaintiff's bankruptcy discharge by the Bankruptcy Court on August 21, 2014.

16.     Nevertheless, both after Plaintiff filed the Bankruptcy Petition, when the automatic stay went into effect and after Plaintiff obtained the bankruptcy discharge, and despite having actual knowledge of Defendant's bankruptcy, Defendant attempted to collect the alleged debt from Plaintiff.

17.     Defendant telephoned Plaintiff on Plaintiff's cell phone at least three times per day from July 2014 through August 2014, attempting to collect the alleged debt.

18.     Plaintiff instructed Defendant not to telephone Plaintiff's cell phone. Nevertheless, Defendant continued telephoning Plaintiff's cell phone three times per day.

19.     Defendant telephoned Plaintiff using an automated telephone dialing system without Plaintiff's consent.

20.     Further, Defendant attempted to collect the alleged debt knowing that Plaintiff was represented by an attorney and having that attorney's contact information.

21.     As detailed below, that conduct constitutes a violation of the FCCPA and the TCPA.

4

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT GECB

22.     This is an action against GECB for violation of Fla. Stat. § 559.55 *et seq*.

23.     Plaintiff re-alleges and incorporates paragraphs 1 through 21, as if fully set forth herein.

24.     Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

25.     Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7)     Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9)     Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

(18)     Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

25.     Through its conduct, described above, Defendant directly and through its agents violated the above sections of the FCCPA.

26.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

27.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

28.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

29.     Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE TCPA BY DEFENDANT GECB

35.     This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

36.     Plaintiff re-alleges and reincorporates paragraphs 1 through 21, as if fully set forth here-in.

6

37.     Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

38.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

38.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant placed calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

39.     Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone, with knowledge of the automatic stay, and with knowledge that Plaintiff was represented by an attorney.

40.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

41.     As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

42.   Based upon the willful, knowingly, and intentional conduct of the Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully request this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.   U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: May 19, 2015

Respectfully Submitted,
**CENTRONE & SHRADER, PLLC**
1710 N. 19th Street, Suite 205
Tampa, Florida 33605
Phone: (813) 360-1529
Fax:     (813) 336-0832

**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff

8

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF
## DWANER WHITE

I, Dwaner White, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


_Dwaner White_                    _5/18/15_
Dwaner White                         Date

9