UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DWANER WHITE,**

    **Plaintiff,**

vs.

                        Case No. 8:15-cv-01205-T-27AEP

**SYNCHRONY BANK,**

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 10). Upon consideration, the motion is **DENIED**.

### BACKGROUND

Plaintiff Dwaner White brought this action alleging violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 *et seq*., and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq*., stemming from numerous phone calls from Synchrony attempting to collect a debt from two credit cards.

Mr. White filed a petition for Chapter 7 bankruptcy protection on May 14, 2014. (Dkt. 3 ¶¶ 8). Synchrony was listed on the bankruptcy petition and was sent a Notice of Bankruptcy, which informed Synchrony that Mr. White was being represented by an attorney. (*Id.* ¶¶ 9, 11-12). On August 19, 2014, the Bankruptcy Court entered a discharge order in Mr. White's bankruptcy proceedings, which included the debt owed to Synchrony, and "[prohibited] any attempt to collect from the debtor a debt that had been discharged." (*Id.* ¶¶ 13). Nevertheless, Synchrony attempted

to collect the debt by allegedly calling Mr. White's cell phone three times a day for a month. (*Id.* ¶¶ 16, 17, 19). Mr. White told Synchrony to cease calling him and that he was being represented by an attorney, but the calls persisted. (*Id.* ¶¶ 18, 20).

After Mr. White filed an amended complaint, Synchrony moved to dismiss Count II of the amended complaint, the TCPA claim. (Dkt. 10).

**STANDARD OF REVIEW**

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2008) (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007), *rev'd sub nom. Ashcroft v. Iqbal*, 556 U.S. 672 (2009)). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.*

All of the factual allegations contained in the complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## DISCUSSION

Synchrony moves to dismiss Count II of Mr. White's complaint because Mr. White admits he spoke to an employee during the calls, negating his claim that the calls were made using an automatic telephone dialing system ("ATDS"). Synchrony also moves to dismiss Count II because the complaint alleges no facts to support the legal conclusion that the defendant used an ATDS to contact the Mr. White.

The TPCA states, "It shall be unlawful for any person...to make any call...using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a cellular telephone service, or any service for which the called party is charged for the call." 47 U.S.C. §227 (b)(1)(A)(iii). Furthermore, an automatic telephone dialing system includes any "equipment which has the capacity--to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers." 47 U.S.C. § 227 (a)(1)(A-B).

Synchrony argues that since Mr. White spoke to an employee and told him/her to stop calling, Mr. White cannot infer the calls were made by an ATDS. However, Mr. White could have been called by a predictive dialer which would dial the number automatically and then connect the call to an employee. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14093 (2003). This would explain why Mr. White was still being

called three times a day when each time he told the employee to stop calling. *See Neptune v. Whetstone Partners, LLC,* 34 F. Supp. 3d 1247, 1250 (S.D. Fla. 2014) (holding that ignoring demands to stop calling "suggests...autodialing"). A predictive dialer is considered an automatic telephone dialing system under the TCPA, so Mr. White's claim is not negated simply because he spoke to a human being. *Brown v. NRA Group, LLC*, 2015 WL 3562740, at *2 (M.D. Fla. June 5, 2015); *see also* 18 FCC Rcd. 14,093.

Synchrony also argues that Mr. White alleges no facts to support the legal conclusion that Mr. White was called by an ATDS. (Dkt. 10 at 1). "In light of a plaintiff's difficulty in obtaining information about the equipment used to make a call prior to discovery, a plaintiff can avoid dismissal by alleging facts about the circumstances surrounding the call sufficient to create a plausible inference that the call was made using an ATDS." *Reid v. GE Capital Retail Bank*, No. CV 114-079, 2014 WL 6981426, at *2 (S.D. Ga. Dec. 9, 2014). Numerous courts have stated that sufficient information to draw an inference an ATDS was used could consist of facts such as when the calls were made and the calls' subject matter. *Neptune*, 34 F. Supp. 3d at 1250; *Clayton v. Aaron's Inc.*, No. 3:13-CV-219, 2013 WL 3148174, at *3 (E.D. Va. June 19, 2013). Here, Mr. White alleges how many calls there were, when they took place, and their subject, which are sufficient factual allegations to create a plausible inference that the calls were made using an ATDS. *See Gardner v. Credit Mgmt., L.P.*, No. 8:14-CV-1677-T-EAJ, 2015 WL 1235037, at *2 (M.D. Fla. Mar. 17, 2015).

In addition, Mr. White's allegation that Synchrony ignored his requests to stop calling him supports an inference that the defendant was using an ATDS. *See Neptune*, 34 F. Supp. 3d at 1250 (forty-five calls over five months combined with caller requests to cease calling was evidence of an

ATDS). It is reasonable to infer Synchrony would not have called Mr. White three times a day for a month if an employee was manually dialing his number and repeatedly told to no longer call, as Mr. White was filing for bankruptcy. *See id.* In sum, the facts alleged by Mr. White are sufficient to support a plausible inference that the calls were made using an ATDS.

Finally, Synchrony lists several cases to support its contention that Mr. White needs to allege more facts to draw the inference that Synchrony used an ATDS. However, in these cases, the plaintiffs alleged no facts about the calls and instead simply quoted the statutory language of the statute. *Duran v. Wells Fargo Bank, N.A.,* 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012); *Speidel v. JP Morgan Chase & Co.,* No. 13-cv-852-FtM-29DNF, 2014 WL 582881 at *2; *Gardner*, 2015 WL 1235037, at *2. In this case, Mr. White alleged facts concerning the context of the calls, which support an inference that an ATDS was used, more than simply quoting the statutory language.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint is **DENIED**. Defendant shall answer the amended complaint within 14 days.

**DONE AND ORDERED** this 2nd day of October, 2015.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record